UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JERIANN JALOZA,

                                                         Plaintiff,

                        -against-                                    **NOTICE OF REMOVAL**

NEW YORK CITY DEPARTMENT OF EDUCATION,            26-CV-2392
the CITY OF NEW YORK, DAVE CHOKSHI, in his
individual capacity, ERIC ADAMS, in his individual
capacity, BILL DE BLASIO, in his individual capacity,
and ERIC EICHENHOLTZ, in his individual capacity,

                                                         Defendants.
------------------------------------------------------------------------ x

**TO:    THE UNITED STATES DISTRICT COURT,
          EASTERN DISTRICT OF NEW YORK**

                Defendants the Department of Education of the City of New York ("DOE") (sued

herein as "New York City Department of Education"), the City of New York ("City"), Dave

Chokshi ("Chokshi") and Eric Eichenholtz ("Eichenholtz") by and through their attorney, Steven

Banks, Corporation Counsel of the City of New York, respectfully move this Court as follows[1]:

        1.      On April 6, 2026, Defendants DOE, City, and Eichenholtz received a Summons

with Notice ("Plaintiff's Summons with Notice") by electronic service on the Office of the

Corporation Counsel, naming the DOE, City, Chokshi, Eric Adams ("Adams"), Bill de Blasio ("de

Blasio"), and Eichenholtz as Defendants therein, and setting forth the nature of the action and relief

sought upon which the action is based.

---

[1] This Notice of Removal is filed on behalf of all Defendants who have been properly served and are currently represented by the Office of Corporation Counsel in this matter, in name Defendants DOE, City, Chokshi, and Eichenholtz.

2.      On April 12, 2026, Defendant Chokshi received Plaintiff's Summons with Notice by certified mail at his home address. On April 14, 2026, Defendant Chokshi discovered Plaintiff's Summons with Notice placed under the door of his office location.

3.      A copy of Plaintiff's Summons with Notice, filed in the Supreme Court of the State of New York, County of Kings, is annexed hereto as Exhibit "A."

4.      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that Defendants' actions, policies and practices related to the COVID-19 vaccine mandate and the denial of reasonable religious accommodation request violated Plaintiff's rights under the United States Constitution in violation of: (1) the First Amendment to the U.S. Constitution (Free Exercise Clause and Establishment Clause); and (2) the Fourteenth Amendment to the U.S. Constitution (Equal Protection Clause).  *See* Exhibit "A."

5.      The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims which arise under the laws of the United States. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441 and 1443.

6.      Further, it is apparent on the face of Plaintiff's Summons with Notice for the above-captioned action that Plaintiff alleges claims which arise under the laws of the United States. This action is therefore removable to the District Court on that basis. *See Whitaker v Am. Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir 2001) (an action is removable where the summons with notice "provide[s] the necessary facts to support the removal petition").

7.      This Notice of Removal is timely because it is being filed within thirty (30) days of Defendants DOE, City, Chokshi, and Eichenholtz's receipt of the Summons with Notice. 28 U.S.C. § 1446(b).

8.      Upon information and belief, Defendants Adams and de Blasio have not yet been served with a copy of the Summons with Notice in this matter, and are not presently represented by the Office of the Corporation Counsel. As such, the individual consent of Defendants Adams and de Blasio is not required for removal of this action as they have not been "properly joined and served." 28 U.S.C. § 1446(b)(2)(A); *see also Kupferberg v. Baez*, No. 24-cv-8653 (ER), 2025 U.S. Dist. LEXIS 156983, *9-10, 2025 LX 300537, 2025 WL 2346060 (S.D.N.Y. Aug. 13, 2025) (citing *Metro. Transp. Auth. v. United States Fid. & Guar. Co.*, No. 14-cv-7278 (KPF), 2015 U.S. Dist. LEXIS 48801, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 13, 2015) (exceptions to the rule of unanimity for removal exist "if a defendant was not served, is nominal, or the claim is separate and independent")).

9.      Defendants DOE, City, Chokshi, and Eichenholtz will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action is pending.

**WHEREFORE**, Defendants DOE, City, Chokshi, and Eichenholtz respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated:      New York, New York
            April 22, 2026

STEVEN BANKS
Corporation Counsel
  of the City of New York
Attorney for Defendants DOE, City, Chokshi and
  Eichenholtz
100 Church Street, Room 2-109(d)
New York, New York 10007
(212) 356-2420
cmungavi@law.nyc.gov

By:   _____
            Craig Mungavin
            Assistant Corporation Counsel

- 3 -

TO:    Sujata Sidhu Gibson (via e-mail)
        Attorney for Plaintiff
        120 E Buffalo St., Suite 2
        Ithaca, New York 14850
        (607) 327-4125
        sujata@gibsonfirm.law